# EXHIBIT 1



ANNE M. LANGER
STOREY COUNTY DISTRICT ATTORNEY
*Storey County is an equal opportunity provider*
P.O. Box 496 • 201 S C Street • Virginia City, Nevada 89440

December 28, 2016

Ms. Lori Thomas
269 Edith Lane
Dayton, NV 89403

Re:   Sutro Springs Road

Dear Ms. Thomas:

    It has been reported that obstructions have been placed on the Sutro Springs Road where it crosses your parcel of land and that no trespassing signs have been placed at the location where Sutro Springs Road transitions from a paved road to a dirt road at the border of your property. The Sutro Springs Road where it crosses your property has been depicted on maps at its current location since at least 1869 and as recent as 2003. It is used by some residents for access to their properties further up the roadway and is used by neighbors in the area for hiking, four-wheeling and recreational activities.

    Under NRS 405.191(2) a public road is defined as:

2. Any way which exists upon a right-of-way granted by Congress over public lands of the United States not reserved for public uses in chapter 262, section 8, 14 Statutes 253 (former 43 U.S.C. § 932, commonly referred to as R.S. 2477), and accepted by general public use and enjoyment before, on or after July 1, 1979. Except as otherwise provided in this subsection, each board of county commissioners may locate and determine the width of such rights-of-way and locate, open for public use and establish thereon county roads or highways, *but public use alone has been and is sufficient to evidence an acceptance of the grant of a public user right-of-way pursuant to former 43 U.S.C. § 932.* In a county in which a board of county highway commissioners has exclusive control of all matters relating to the construction, repairing and maintaining of public highways, roads and bridges within the county pursuant to NRS 403.090, the board of county highway commissioners may locate and determine the width of those rights-of-way and open those rights-of-way for public use for the purpose of designating county roads pursuant to NRS 403.170 or taking any other action concerning those rights-of-way pursuant to chapter 403 of NRS. (emphasis added)

NRS 405.230 further provides:

**NRS 405.230 Penalty for obstruction or damage to highway; abatement of nuisance; removal of certain obstacles or encroachments.**

1. Any person who, in any manner, obstructs any road, street or alley, or in any manner damages it or prevents travel thereon, or who obstructs, dams or diverts any stream or water so as to throw it, or cause the flowage thereof, upon, across or along the pathway of any road, highway, street or alley is guilty of a public offense, as prescribed in NRS 193.155, proportionate to the extent of damage to the section of the road, street, alley or highway damaged, and in no event less than a misdemeanor.

2. The court before which the conviction is had shall order the sheriff or any constable of the county to abate, as a nuisance, any fence or other obstruction, to the free and convenient use and travel of the road, street or alley, or any obstruction from the stream so as to allow it to flow in its natural bed.

3. The department of public works or any other appropriate county agency is authorized to remove from the highways any unlicensed obstacle or encroachment which is not removed, or the removal of which is not commenced and thereafter diligently prosecuted, before the expiration of 5 days after personal service of notice and demand upon the owner of the obstacle or encroachment or the owner's agent. In lieu of personal service upon that person or the person's agent, service of the notice may also be made by registered or certified mail and by posting, for a period of 5 days, a copy of the notice on the obstacle or encroachment described in the notice. Removal by the department or other agency of the obstacle or encroachment on the failure of the owner to comply with the notice and demand gives the department or other agency a right of action to recover the expense of the removal, investigative costs, attorney's fees, cost and expenses of suit, and in addition thereto the sum of $250 for each day the obstacle or encroachment remains after the expiration of 5 days from the service of the notice and demand.

4. As used in this section, "obstacles or encroachments" mean any objects, materials or facilities not owned by the county that are placed within a right-of-way of the county for storage purposes or decorative improvements for front lots that are not a part of a highway facility. The term does not include vehicles parked in a lawful manner within that right-of-way.

What this all means is that it is the opinion of this office from the historical records available that Sutro Springs Road is a public road which crosses your property. Obstruction of this roadway is at least a


Lori Thomas
December 28, 2016
3

misdemeanor pursuant to NRS 405.203. It is hereby requested that you remove any obstacles to free ingress and egress on Sutro Springs Road and remove any signs intimating that the roadway is anything other than a public roadway.

Sincerely,
ANNE LANGER
Storey County District Attorney

By: _____
Keith Loomis Deputy District Attorney
Storey County District Attorney's Office

KL/pc

Cc:            File

Form 1860-9
(March 1965)
(formerly 4-1043)

N-847

# The United States of America
## To all to whom these presents shall come, Greeting:

WHEREAS, Thomas G. Magee is entitled to a Land Patent pursuant to the Act of September 19, 1964; 43 U.S.C. 1421-1427 (1964), for the following described land:

Mount Diablo Meridian, Nevada

T. 17 N., R. 22 E.,
Sec. 20, All;
Sec. 30, NE$\frac{1}{4}$, SE$\frac{1}{4}$NW$\frac{1}{4}$, N$\frac{1}{2}$SE$\frac{1}{4}$, SW$\frac{1}{4}$SE$\frac{1}{4}$;

containing 960 acres;

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES, unto the above named claimant, the land above described; TO HAVE AND TO HOLD the said land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto the said claimant, his successors and assigns, forever;

EXCEPTING AND RESERVING TO THE UNITED STATES:

1. A right-of-way thereon for ditches and canals constructed by the authority of the United States, Act of August 30, 1890, 26 Stat. 391; 43 U.S.C. 945;

2. All the mineral deposits in the lands so patented, and to it, or persons authorized by it, the right to prospect, mine and remove such deposits from the same under applicable law;

Patent Number  27-68-0138

Form 1860-10
(March 1965)
(formerly 4-1044)

N-847

SUBJECT TO:

1. Those rights for transmission line purposes which have been granted to Sierra Pacific Power Company, its successors or assigns, under the Act of March 4, 1911, 36 Stat. 1253, as amended, 43 U.S.C. 961, as to the N½SE¼ said sec. 30, which are due to expire October 15, 2013, the NE¼SE¼ said sec. 30, which are due to expire June 30, 2015, and to the NE¼SE¼ said sec. 30, which are due to expire July 13, 2017;

2. Those rights for communication line purposes which have been granted to Bell Telephone Company of Nevada, its successors or assigns, under the Act of March 4, 1911, 36 Stat. 1253, as amended, 43 U.S.C. 961, as to the SW¼SE¼ said sec. 30, which are due to expire January 4, 2016.

IN TESTIMONY WHEREOF, the undersigned authorized officer of the Bureau of Land Management, in accordance with the provisions of the Act of June 17, 1948 (62 Stat. 476), has, in the name of the United States, caused these letters to be made Patent, and the Seal of the Bureau to be hereunto affixed.

[SEAL]

GIVEN under my hand, in Reno, Nevada, the EIGHTH day of FEBRUARY in the year of our Lord one thousand nine hundred and SIXTY-EIGHT and of the Independence of the United States the one hundred and NINETY-SECOND.

By Rolla E. Chandler
Manager, Nevada Land Office

Patent Number 27-68-0138

2

STIPULATIONS FOR THE DIVISION OF LARGE PARCELS by
Ed Killian and Ted Osgood
130 Vine Street
Reno, NV 89507

Special Use Permit #1995-125:

On August 3rd, 1995, the Planning Commission recommended approval of the revision of Parcel Map for the division of large parcels for Raymond LaFond, to divide 320 acres into (8) forty acre parcels with the stipulations listed below. On August 15th, 1995, the Storey County Commissioners approved this recommendation. On the 2nd of January 1996, the Storey County Board of Commissioners approved the final map with the following stipulations.

1) All drainage easements be subject to a new survey.

2) Lot 8 would be the only lot accessed by LaFond Street.

3) Only one single family dwelling be allowed per 40 acre parcel on approval of Special Use Permit with all proper notices.

4) Cul de sacs extension shall be paved from Territory Road to the cul de sacs at the end of Edith Lane and Sutro Springs Road and must meet the approval of Public Works Director Rich Bacus. The Developer is to provide public easements and pay all material costs incurred on paving the road.

5) Shall provide at least one public thoroughfare easement a minimum of 50 feet at the center property line of Lots 4 and 5.

6) That all easements be recorded in place on all natural drainages and that they not be disturbed.

7) That all crossings of natural drainage would have a low water crossing or full span bridge.

8) All single family dwellings have power and not run off generators.

9) That signs be posted at all cul de sacs that they are not a through street and are for residents only; these signs must be paid for and installed by the developer.

10) Each parcel have a night light or pole light that would activate on darkness for security purposes when Lots are developed.

11) That a retention basin for each single family dwelling be incorporated into the design to provide for a 5 year storm event.

12) No Commercial uses be allowed.

13) Zone change to add Trailer Overlay to current Forestry zoning with the stipulations,
    A) No trailer built before 1976 be allowed.
    B) All manufactured homes be converted to real property.
    C) All single family dwellings will have a minimum of 1200 square feet.

```
06/30/2008 MON 19:21    FAX 775 847 0935         Storey County Planning         @001

                        ***********************
                        *** FAX TX REPORT ***
                        ***********************

                                TRANSMISSION OK

                        JOB NO.              1088
                        DESTINATION ADDRESS  97464606
                        PSWD/SUBADDRESS
                        DESTINATION ID
                        ST. TIME             06/30 19:20
                        USAGE T              00'26
                        PGS.                 1
                        RESULT               OK
```

06/12/2008 19:03    7758239099         OFFICE DEPOT              PAGE    02/02

# PUBLIC NOTICE

## PRIVATE PROPERTY

Right to pass by permission only.

Not responsible for all/any injuries of

any/all nature due to vehicle, animals,

personal or firearms.

In pursuant with Storey County land map

file No. 40621, sheets 1, 2 & 5, notes A, B & C

and Storey County Trespass Codes.