UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LORI L. THOMAS,

    Plaintiff,

v.

THOMAS ZACHRY; MARNA ZACHRY; JOHN HARPER; STOREY COUNTY and its BOARD OF COMISSIONERS;

    Defendants.

Case No. 3:17-cv-0219-LRH-WGC

ORDER

Before the court is plaintiff Lori L. Thomas's ("Thomas") *ex parte* application for a temporary restraining order. ECF No. 3. Defendants Thomas Zachry, Marna Zachry, John Harper, and Storey County and its Board of Commissioners (collectively, "defendants") have not been served with either the present application for a temporary restraining order or the underlying complaint.

**I.    Facts and Procedural Background**

This is a declaratory relief action involving a determination of whether a certain parcel of real property in Storey County, Nevada owned by plaintiff Thomas contains a private or public roadway. On or about October 2016, Thomas purchased the underlying real property. Subsequently, in December 2016, the District Attorney for Storey County sent Thomas a letter demanding that Thomas allow public access to the roadway on the property. In response, Thomas placed certain barriers on the roadway contending that the road is a private road located on private property.

1

On April 4, 2017, the Storey County Board of Commissioners approved a plan for the Storey County Public Works Department to commence proceedings to remove any and all obstructions on the underlying property. On April 7, 2017, Thomas filed a complaint against defendants alleging four causes of action: (1) petition for writ of mandamus; (2) Due Process violation; (3) injunctive relief; and (4) declaratory relief. ECF No. 1. Thereafter, on April 10, 2017, counsel for Thomas filed the present *ex parte* application for a temporary restraining order. ECF No. 3.

**II.    Discussion**

In its present application, Thomas requests the court issue a temporary restraining order without notice to defendants. *See* ECF No. 3. Pursuant to Rule 65, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party . . . only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Here, after reviewing the documents and pleadings on file in this matter, the court finds that Thomas has not satisfied the requirements for issuance of a temporary restraining order without notice under Rule 65. She has not filed a verified complaint in this action, nor has she filed any affidavit in support of the present motion that establishes an immediate and irreparable injury, loss, or damage that would result before the defendants could be heard on this issue as required by Rule 65(b)(1)(A). *See* ECF Nos. 1, 3. In support of her motion, Thomas has submitted a personal affidavit and a declaration from counsel. *See* ECF Nos 4, 5. However, these documents fail to comply with the requirements of Rule 65(b)(1)(B). Counsel's declaration does not mention any attempt to provide notice to the opposing party nor does it identify the reasons why notice should not be required. Further, Thomas's *ex parte* application makes it clear that it has not yet served the underlying complaint. Therefore, the court finds that Thomas is not entitled to the issuance of a temporary restraining order without notice.

///

However, upon service of the present motion and the underlying complaint on the defendants, as established by the filing of a notice of service with the court, the court shall treat the present motion as a motion for a preliminary injunction pursuant to Rule 65(a) and set an expedited hearing on the motion. Further, if the circumstances underlying this action change, or if Thomas can present evidence of irreparable harm during the expedited briefing period on her request for a preliminary injunction, the court would entertain a renewed motion for a temporary restraining order with notice to the defendants.

IT IS THEREFORE ORDERED that plaintiff's *ex parte* application for a temporary restraining order (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that plaintiff Lori L. Thomas shall serve a copy of the *ex parte* application for a temporary restraining order and request for a preliminary injunction (ECF No. 3) - along with a copy of the complaint (ECF No. 1), summons, and a copy of this order - on defendants no later than Thursday, April 13, 2017. Defendants may file a response to the request for a preliminary injunction no later than 5:00 p.m., Wednesday, April 19, 2017. Plaintiff may file a reply no later than 5:00 p.m., Friday, April 21, 2017.

IT IS FURTHER ORDERED that a hearing on plaintiff's request for a preliminary injunction is scheduled for Tuesday, April 25, 2017, at 10:00 a.m. in Courtroom 3 at the Bruce R. Thompson courthouse in Reno, Nevada.

IT IS SO ORDERED.

DATED this 11th day of April, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE