UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LORI L. THOMAS;

Plaintiff,

v.

THOMAS ZACHRY; MARNA ZACHRY; JOHN HARPER; and STOREY COUNTY and its BOARD OF COMISSIONERS,

Defendants.

Case No. 3:17-cv-0219-LRH-WGC

ORDER

Before the court is defendants Thomas Zachry, Marna Zachry, and John Harper's (collectively "homeowner defendants") motion to consolidate hearing on preliminary injunction with a trial on the merits. ECF No. 29. Plaintiff Lori L. Thomas ("Thomas") filed an opposition to the motion. ECF No. 30.

**I.  Facts and Procedural Background**

This is a declaratory relief action involving a determination of whether a certain parcel of real property in Storey County, Nevada, owned by Thomas contains a private or public roadway. On or about October 2016, Thomas purchased the underlying real property. Subsequently, in December 2016, the District Attorney for Storey County sent Thomas a letter demanding that Thomas allow public access to the roadway on the property. In response, Thomas placed certain barriers on the roadway contending that the road is a private road located on private property.

///

1

On April 4, 2017, the Storey County Board of Commissioners approved a plan for the Storey County Public Works Department to commence proceedings to remove any and all obstructions on the underlying property. On April 7, 2017, Thomas filed a complaint against defendants alleging four causes of action: (1) petition for writ of mandamus; (2) Due Process violation; (3) injunctive relief; and (4) declaratory relief. ECF No. 1. On April 10, 2017, with impending work on her property, Thomas filed an ex parte application for a temporary restraining order (ECF No. 3) which was denied by the court (ECF No. 12). Instead, the court set a shortened briefing schedule on Thomas's request for a preliminary injunction and set a hearing on the motion for Wednesday May 31, 2017, at 1:30 p.m.

On May 11, 2017, homeowner defendants - individual homeowners who allegedly use the roadway over Thomas's property to reach their own properties - filed a motion for summary judgment. ECF No. 27. At the same time, homeowner defendants filed the present motion to consolidate the hearing on Thomas's motion for a preliminary injunction with a trial on the merits. ECF No. 29.

**II.   Discussion**

Under Rule 65 of the Federal Rules of Civil Procedure, a court may, in its discretion, advance a trial on the merits and consolidate it with a hearing on a motion for a preliminary injunction. FED. R. CIV. P. 65(a)(2). Consolidation is generally appropriate when it would (1) result in an expedited resolution of the case, *University of Tex. v. Camenish*, 451 U.S. 390, 395 (1981); (2) conserve judicial resources and avoid duplicative proceedings, *NOW v. Operation Rescue*, 747 F. Supp. 760, 768 (D. D.C. 1990); (3) involves only legal issues based on uncontested evidence and public records, *Kickapoo Traditional Tribe of Tex. v. Chacon*, 46 F. Supp. 2d 644, 648-49; and (4) would not be prejudicial to any of the parties.

Here, the court has reviewed the homeowner defendants' motion and finds that it does not meet the criteria for consolidation. First, although the determination of whether Sutro Springs Road is a public or private roadway is a legal question, that determination is based on disputed facts involving whether certain maps were available to the general public thereby giving Thomas constructive notice of the public nature of the roadway or whether individuals at the Storey

County Commissioners' office represented to Thomas prior to purchasing the property that the roadway was private. These disputed facts go to the heart of Thomas's claims, and thus the underlying complaint is not one that can readily be decided on undisputed public records. Second, the court finds that consolidation of a trial on the merits with the upcoming preliminary injunction hearing would prejudice Thomas as the preliminary injunction hearing is less than two weeks away and discovery has not yet been undertaken. In fact, the entire posture of this litigation has been based solely on the allegations in Thomas's complaint and the very limited declarations and documents attached in the few pleadings and motions before the court. As such, consolidation would deprive Thomas the opportunity to depose witnesses and obtain the necessary documents to support her claims on the merits. Therefore, the court shall deny the homeowner defendants' motion to consolidate.

IT IS THEREFORE ORDERED that defendants' motion to consolidate the preliminary injunction hearing with a trial on the merits (ECF No. 29) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of May, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE