UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LORI L. THOMAS,

    Plaintiff,

v.

THOMAS ZACHRY; MARNA ZACHRY; JOHN HARPER; and STOREY COUNTY and its BOARD OF COMISSIONERS,

    Defendants.

Case No. 3:17-cv-0219-LRH-(WGC)

ORDER

    Before the court is plaintiff Lori L. Thomas's ("Thomas") motion to dismiss her complaint. ECF No. 58. Defendants Thomas Zachry, Marna Zachry, and John Harper ("homeowner defendants"), along with defendants Storey County and its Board of Commissioners, filed oppositions (ECF Nos. 59, 60) to which Thomas replied (ECF No. 61).

    This case has an extensive factual and procedural background,[1] but in short, this case involves a dispute over a dirt road in Storey County, Nevada, commonly known as "Sutro Springs Road" which runs across real property formerly owned by Thomas. On April 7, 2017, Thomas, who then owned the real property, filed a complaint against defendants alleging four causes of action: (1) petition for writ of mandamus against Storey County; (2) a Fifth Amendment takings claim; (3) injunctive relief; and (4) declaratory relief and quiet title to the

---

[1] For a more complete history of the factual and procedural history in this action, see the court's order on Thomas's motion for preliminary injunction (ECF No. 41).

1

roadway along the property. ECF No. 1. However, on September 22, 2017, after the court's order denying her motion for a preliminary injunction (ECF No. 41), Thomas transferred her interest in the underlying property to another individual. In light of her transfer of the property, Thomas now moves to dismiss her complaint in its entirety. *See* ECF No. 58

The court shall grant Thomas's motion to dismiss her non-*in rem* claims for a writ of mandamus, her Fifth Amendment takings claim, and her injunctive relief claim. These three claims do not concern the title of Sutro Springs Road as it crosses the underlying property and, as such, may be withdrawn by Thomas with prejudice. However, her declaratory relief and quiet title claim was brought *in rem* to determine the rights to Sutro Springs Road as it crosses the property against all other persons including the named defendants. As such, the court finds that this claim should proceed to a final determination notwithstanding Thomas's transfer of her interest in the property. *See e.g., Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1046-47 (9th Cir. 2011) (recognizing that *in rem* actions survive a transfer of a party's interest in the underlying property).

In her motion, Thomas contends that the transfer of her interest in the property divests her of the standing to maintain her quiet title action and, as such, this action should be dismissed. However, although Thomas no longer has an interest in the property, the defendants have an ongoing interest in the determination of whether or not Sutro Springs Road constitutes a public roadway under R.S. 2477 as it crosses the property formerly owned by Thomas. Further, the defendants have expended significant resources in this action and are entitled to have the declaratory relief and quite title claim determined on the merits. The court recognizes that Thomas no longer has any interest in this action as it relates to the declaratory relief and quite title claim and, as such, Thomas will not be required to participate any further in this action. The court also recognizes that there may be other parties whose interest in the underlying real property may be affected by an order from the court concerning Sutro Springs Road, particularly the new owner of the underlying property and any possible lien holders on the property. In this regard, defendant Storey County and its Board of Commissioners shall serve a copy of this order, along with the court's order denying Thomas's motion for a preliminary injunction

(ECF No. 41), on the current owner of the underlying property and any other parties known to have or be claiming an interest in the underlying property. Interested parties may then seek leave from the court to participate in this action under Federal Rule of Civil Procedure Rule 20.

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss (ECF No. 58) is GRANTED in-part and DENIED in-part in accordance with this order. Plaintiff's first cause of action for a petition for writ of mandamus; second cause of action for an unconstitutional taking in violation of the Fifth Amendment; and third cause of action for injunctive relief are DISMISSED with prejudice from plaintiff's complaint (ECF No. 1). This action shall proceed solely on plaintiff's fourth cause of action for declaratory relief and quiet title.

IT IS FURTHER ORDERED that defendant Storey County and its Board of Commissioners shall, within ten (10) days of entry of this order, serve a copy of this order, as well as the court's order denying plaintiff's motion for a preliminary injunction (ECF No. 41), on the current owner and any other parties known to have or be claiming an interest in the underlying property.

IT IS FURTHER ORDERED that any interested party shall have twenty (20) days after being served with a copy of this order to seek leave from the court to participate in this action under Rule 20 of the Federal Rules of Civil Procedure governing permissive joinder.

IT IS FURTHER ORDERED that defendants shall submit a status report no later than forty (40) days after entry of this order setting forth all remaining issues to be addressed by the court and a prospective schedule to address these issues.

DATED this 30th day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3