UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LORI L. THOMAS;

    Plaintiff,

v.

THOMAS ZACHRY; MARNA ZACHRY; JOHN HARPER; and STOREY COUNTY and its BOARD OF COMISSIONERS,

    Defendants.

Case No. 3:17-cv-0219-LRH-WGC

ORDER

Before the court is defendants Storey County and its Board of Commissioners, Thomas Zachry, Marna Zachry, and John Harper's unopposed motion for summary judgment. ECF No. 70.

**I.    Facts and Procedural Background**

At its heart, this case involves a dispute over a dirt road in Storey County, Nevada, commonly known as "Sutro Springs Road." In October 2016, plaintiff Lori L. Thomas ("Thomas") purchased approximately 40 acres of real property within Storey County located near Dayton, Nevada. This property, originally carved out of a 960 acre parcel of land in Storey County, was taken out of the public domain and transferred to private ownership by United States Land Patent No. 27-68-0138 recorded February 8, 1968 ("1968 patent").[1] The property conveyed by the 1968 patent was subsequently divided into smaller parcels through the Storey

---

[1] A copy of the 1968 patent is attached to Thomas' motion for a preliminary injunction. *See* ECF No. 3, Ex. 1.

County development process. On August 15, 1995, the Storey County Board of Commissioners approved a subdivision of one of the parcels adjacent to the property. The final subdivision map ("1996 map") was recorded in Storey County on January 10, 1996, as Document No. 77085.[2]

Sutro Springs Road is a now-paved road running through the approved subdivision. The paved portion of the road terminates in a cul-de-sac at the edge of the underlying property. A visible dirt road then continues across the property in a northeasterly direction, continues onto public land managed by the Bureau of Land Management ("BLM"), and ultimately leads to homeowner defendants Harper's and the Zachrys' private properties above the public land.

After Thomas purchased the property in October 2016, she erected barriers and obstacles, along with no trespassing signs, at the location where Sutro Springs Road transitions from the paved road ending in the cul-de-sac to the dirt road entering the property. In response, the Storey County District Attorney advised Thomas by letter that the dirt road across her property was a long-established public road and requested that she remove the barriers. Thomas refused. Then, in April 2017, during its regularly scheduled meeting, the Storey County Board of Commissioners approved a project to allow the Storey County Public Works Department to remove all the obstructions placed on the road.

On April 7, 2017, Thomas filed a complaint against defendants alleging four causes of action: (1) petition for writ of mandamus against Storey County; (2) a Fifth Amendment takings claim; (3) injunctive relief; and (4) declaratory relief and quiet title to the roadway over the property. ECF No. 1. Then, on April 10, 2017, Thomas filed a motion for a preliminary injunction seeking to enjoin Storey County from removing the obstructions she had placed on the road. ECF No. 3 The motion was denied by the court. ECF No. 41.

On September 22, 2017, after the court's order denying her motion for a preliminary injunction, Thomas transferred her interest in the underlying property to another individual. In light of her transfer of the property, Thomas moved to dismiss her complaint in its entirety. ECF No. 58. Her motion was granted in part and denied in part by the court. ECF No. 63. In that order, the court granted Thomas' motion to dismiss her non-*in rem* claims for a writ of

---

[2] A copy of the 1996 map is attached to Thomas' motion for a preliminary injunction. *See* ECF No. 3, Ex. 2.

mandamus, her Fifth Amendment takings claim, and her injunctive relief claim because those claims did not concern the title and nature of Sutro Springs Road as it crosses the underlying property. *Id*. However, the court denied Thomas' motion as to her declaratory relief and quiet title claim as that claim was brought *in rem* to determine the rights to Sutro Springs Road as it crosses the property against all other persons including the named defendants. *Id*. Thereafter, defendants filed the present unopposed motion for summary judgment. ECF No. 70.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits, declarations, party stipulations, admissions, and other relevant materials in the record fairly establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with all evidence showing the absence of any genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine dispute or issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A

dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id*. at 252.

While generally the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), the failure to file an opposition to a motion for summary judgment, in and of itself, is an insufficient ground for entering judgment. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Rather, a moving party must still meet its affirmative duty under Rule 56 of the Federal Rules of Civil Procedure to demonstrate that it is entitled to judgment as a matter of law. *Id*. Thus, the absence of an opposition in this action does not change the defendants' burden of proof, and the court shall consider defendants' motion on the merits.

### III. Discussion

In their motion, defendants contend that the dirt road portion of Sutro Springs Road that crosses the underlying property is a public roadway. *See* ECF No. 70. As addressed below, the court agrees and finds that the undisputed evidence in this action establishes that Sutro Springs Road is a public roadway, commonly known as an R.S. 2477 road.

In 1866, Congress passed 14 Stat. 253, which granted the States the right to construct roads over public land owned by the federal government. The 1866 act, more generally referred to as Revised Statute 2477 or R.S. 2477, states in its entirety: "And be it further enacted, [t]hat the right-of-way for the construction of highways over public lands, not reserved for public purposes, is hereby granted." 43 U.S.C. § 932. R.S. 2477 was a self-executing statute, and the creation and acceptance of an R.S. 2477 right-of-way required no formal act by a state body. *See S. Utah Wilderness Alliance v. BLM*, 425 F.3d 735, 741 (10th Cir. 2005); *see also Lindsay Land & Livestock Co. v. Churnos*, 284 P. 646, 648 (Utah 1929) (stating that R.S. 2477 "was a standing offer of a free right-of-way over the public domain," and that the grant may be accepted "without formal action by public authorities"). Rather, R.S. 2477 acted "as a present grant" to use and

4

traverse public land, "which takes effect as soon as it is accepted[.]" *Wilderness Soc'y v. Morton*, 479 F.2d 842, 882 (D.C. Cir. 1973).

Nevada has "accepted" and acknowledged the creation of R.S. 2477 roads throughout the state. In late 1979, the Nevada legislature enacted NRS 405.191, which defines what constitutes a public road. It provides:

> **NRS 405.191 "Public road" defined; county roads and highways may be established on rights-of-way over certain public lands.**
>
> As used in NRS 405.193 and 405.195, "public road" includes:
>
> 1. …
>
> 2. Any way which exists upon a right-of-way granted by Congress over public lands of the United States not reserved for public uses in chapter 262, section 8, 14 Statutes 253 (former 43 U.S.C. § 932, commonly referred to as R.S. 2477), and **accepted by general public use and enjoyment before, on or after July 1, 1979**. Each board of county commissioners may locate and determine the width of such rights-of-way and locate, open for public use and establish thereon county roads or highways, **but public use alone has been and is sufficient to evidence an acceptance of the grant of public user right-of way pursuant to former 43 U.S.C. § 932**.

Nev. Rev. Stat. § 405.101 (emphasis added).

The determinative issue for defendants' motion is whether Sutro Springs Road, as it crosses the underlying property, was a valid and existing R.S. 2477 public road as of February 8, 1968, when the property was transferred from public land to private ownership.[3] Generally, the party "claiming a right-of-way bears the burden of establishing its existence." *United States v. Carpenter*, 2016 U.S. Dist. LEXIS 108400, *43 (D. Nev. August 16, 2016) (citing *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1077 (9th Cir. 2010)). To establish the existence and acceptance of an R.S. 2477 road, a claimant must show: "(1) that the alleged [road] was located 'over public lands,' and (2) that the character of its use was such as to constitute acceptance by the public of the statutory grant." *Hamerly v. Denton*, 359 O.2d 121, 123 (Alaska 1961).

---

[3] In 1976, Congress passed the Federal Land Policy and Management Act ("FLPMA"), which repealed R.S. 2477. The repeal, however, was prospective only. The FLPMA specifically states that any valid R.S. 2477 right-of-way existing on the date of approval of the FLPMA would continue to be in effect. Pub. L. No. 94-579, Section 701(a), 90 Stat. 2743, 2786 (1976). Thus, if the disputed road was an R.S. 2477 road in 1968 when the property was transferred from the public domain, it continues to be such a road unless the road has been abandoned.

In Nevada, a road is "accepted" for purposes of R.S. 2477 if there was general "public use [of the road] over a specified period of time." *Carpenter*, 2016 U.S. Dist. LEXIS 108400, *51 (citing *S. Utah Wilderness Alliance*, 425 F.3d at 770); *see also*, Nev. Rev. Stat. § 405.191(2) (defining "public road" as a road "accepted by general public use and enjoyment"). Public use does not require constant or uninterrupted use, but it must be more than "occasional or desultory[.]" *Carpenter*, 2016 U.S. Dist. LEXIS 108400, *51. In determining whether public use has been sufficiently continuous to constitute acceptance of an R.S. 2477 road, a court may take into account the nature of the land upon which the road runs, the historical and traditional use of the land, and the nature of the public use. *See S. Utah Wilderness Alliance*, 425 F.3d at 774; *Brown v. Jolley*, 387 P.2d 278 (Colo. 1963) (holding that regular use by a single person to reach their property constitutes continuous public use).

Here, the undisputed historical-record evidence before the court shows that the road crossing the property has been in continuous public use since as early as the late 1880s and was originally located over public lands. In fact, every map and survey of the area containing the property while the property was still part of the public domain shows Sutro Springs Road crossing the property in a northeasterly direction.[4] These maps graphically confirm that at the time the subject property was transferred from the United States to private ownership in 1968, the Sutro Springs Road was an established and accepted public road under R.S. 2477. Historical maps are direct evidence of public use and are sufficient, in and of themselves, to establish "acceptance" of an R.S. 2477 road. *Anderson v. Richards*, 608 P.2d 1096, 1098 (Nev. 1980); *Carpenter*, 2016 U.S. Dist. LEXIS 108400, *52-53. In fact, in *Anderson*, the Nevada Supreme Court found an R.S. 2477 road based solely on the road's presence on maps and surveys. *Anderson*, 608 P.2d at 1098 n.5. Thus, the clear weight of the undisputed historical-record in this action supports a finding that Sutro Springs Road is a public R.S. 2477 road as a matter of law.

---

[4] Defendants have proffered the following undisputed historical maps of the relevant area of Storey County: (1) an 1887 survey of the Storey County township (ECF No. 21, Ex. 1); (2) an 1890 township plat map (ECF No. 21, Ex. 2); (3) the official county map for Storey County in 1923 (ECF No. 21, Ex. 3); (4) a 1950 United States Geological Survey of the "Virginia City Quadrangle" (ECF No. 21, Ex. 4); and (5) a 1967 United States Geological Survey of the "Flowery Peak Quadrangle" (ECF No. 21, Ex. 5). All of these maps show the road crossing the property in a northeasterly direction through the northern half of Section 20.

Additionally, defendants have submitted evidence from citizens of Storey County concerning their use of the road prior to and after the 1968 land transfer. In particular, defendants have proffered four affidavits from individuals who used the road prior to 1968 and have continued to use the road in a manner consistent with the land since that time, such as accessing hot springs, trips for hunting, mining and reaching public land for camping and other outdoor activities. *See* ECF No. 38, Exs. 4-7. Further, homeowner defendants presented their own declarations to the court establishing their own personal use of the road for decades prior to Thomas' purchase of the property: 34 years in the case of defendant Harper and 44 years in the case of the Zachry defendants. *See* ECF No. 39, Exs. 1-2. The court finds that this additional evidence is also sufficient to establish continuous public use of the road to constitute acceptance of an R.S. 2477 road across the underlying property. Therefore, the court finds that the overwhelming and undisputed evidence in this action establishes that Sutro Springs Road is a public R.S. 2477 road and that defendants are entitled to summary judgment on the remaining declaratory relief and quiet title claim.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (ECF No. 70) is GRANTED. The clerk of court is directed to enter judgment in favor of defendants Thomas Zachry, Marna Zachry, John Harper, and Storey County and its Board of Commissioners and against plaintiff Lori L. Thomas on plaintiff's sole remaining cause of action for declaratory relief and quiet title.

IT IS FURTHER ORDERED that defendant Storey County and its Board of Commissioners shall serve a copy of this order on the current owner and any other parties known to have or be claiming an interest in the underlying property.

IT IS SO ORDERED.

DATED this 3rd day of May, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE